UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MT. SINAI SHOPPING CENTER, INC.,

                        Plaintiff,

      -against-

LIBERTY MUTUAL INSURANCE COMPANY,
EXCELSIOR INSURANCE COMPANY,
CASA DEL SOL, INC., NANCY FENSTER

                        Defendants.
-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
20-CV-46-PKC-SJB

**BULSARA, United States Magistrate Judge:**

      This declaratory judgment insurance action was removed from state court on January 3, 2020. (Notice of Removal dated Jan. 3, 2020, Dkt. No. 1). The Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. (Order dated Jan. 13, 2020). The Order was referred to the undersigned. (Order dated Feb. 18, 2020). For the reasons stated below, it is respectfully recommended that Defendants Nancy Fenster and Casa Del Sol be dropped from the case pursuant to Rule 21 and the case proceed, regardless of whether these nominal defendants are dismissed, because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

FACTUAL AND PROCEDURAL BACKGROUND

      This case is a dispute over insurance coverage arising from an underlying state court personal injury litigation. (Compl. dated Dec. 5, 2019, attached to Notice of Removal, Dkt. No. 1 ¶ 14). Plaintiff Mt. Sinai Shopping Center, Inc. ("Mt. Sinai") is a New York corporation seeking coverage from two insurance companies. (*Id.* ¶ 1).

The insurance companies are Defendant Excelsior Insurance Company ("Excelsior"), alleged to be both a New York and foreign corporation doing business in New York, (*id.* ¶¶ 2–5), and Defendant Liberty Mutual Insurance Company ("Liberty Mutual," and together with Excelsior, the "Insurance Companies"), also alleged to be both a New York and foreign corporation doing business in New York, (*id.* ¶¶ 6–9). The Insurance Companies, in answering the Complaint, aver that Excelsior is a foreign stock insurance company doing business in New York, and Liberty Mutual is a foreign stock insurance company with its principal place of business in Massachusetts. (Ins. Cos.' Answer dated Feb. 10, 2020, Dkt. No. 10 ¶¶ 2–7).

Defendant Casa Del Sol, Inc. ("Casa Del Sol") is a New York corporation doing business in the state. (Compl. ¶¶ 10–11). Nancy Fenster ("Fenster") is an individual that resides in New York. (*Id.* ¶ 12).

In state court, Fenster sued Mt. Sinai for injuries suffered from a tanning bed at the premises owned by Mt. Sinai and leased by Casa Del Sol. (*Id.* ¶ 14). Fenster obtained a default judgment against Mt. Sinai, but Mt. Sinai alleges it did not receive any court documents, including service of process, until Fenster served a "notice of settlement of a proposed judgment." (*Id.* ¶¶ 33–35; *see also* Mt. Sinai's Pretrial Mem. dated Apr. 3, 2020 ("Mt. Sinai's Apr. 3 Mem."), Dkt. No. 20 at 4).

Mt. Sinai forwarded the "notice of settlement" document to Excelsior to initiate an insurance claim. (Compl. ¶ 36). Excelsior denied coverage on October 8, 2019. (*Id.* ¶ 38). Mt. Sinai forwarded the same notice to Liberty Mutual, but Liberty Mutual also denied coverage. (*Id.* ¶¶ 40–42). The reason for Excelsior's denial is the failure to provide timely notice of the claim, (*see* Min. Entry & Order dated Mar. 13, 2020, at FTR

#1:19–1:21); Liberty Mutual contends it is not the obligated insurer under the applicable policy, (Ins. Cos.' Answer ¶ 49).

Mt. Sinai initiated an insurance coverage action in New York Supreme Court, Nassau County because it believes the Insurance Companies are obligated to defend and indemnify Mt. Sinai. (Compl. ¶ 43). Mt. Sinai "seek[s] a judgment declaring that Excelsior Insurance Company and or Liberty Mutual Insurance Company must defend and indemnify Mt. Sinai Shopping Center, Inc. in the underlying action." (*Id.* at 9 (emphasis removed)). Mt. Sinai, although naming Casa Del Sol or Nancy Fenster as "Defendants" in the Complaint, does not seek any relief from either, and none of the causes of action name either as a Defendant. (*See id.* at 3, 9).

The Insurance Companies removed the case to this Court on January 3, 2020. (Notice of Removal dated Jan. 3, 2020, Dkt. No. 1). Because Casa Del Sol and Fenster are domiciled in New York, the Court issued an Order to Show Cause requiring the Insurance Companies to explain "why this action should not be dismissed for lack of subject matter jurisdiction, including, more particularly, why the non-diverse defendants qualify as nominal defendants for purposes of the diversity determination." (Order dated Jan. 13, 2020). The Honorable Pamela K. Chen referred the Order to Show Cause to the undersigned.

This Court held a status conference on March 13, 2020, during which the Court discussed the subject matter jurisdiction issues with the parties. (Min. Entry & Order dated Mar. 13, 2020). In the papers filed in response to the Order to Show Cause and the initial conference, the Insurance Companies take the position that subject matter jurisdiction exists, despite the presence of Casa Del Sol and Fenster as non-diverse defendants, because they are "nominal" defendants. (Ins. Cos.' Mem. in Opp. to Order

to Show Cause dated Jan. 27, 2020 ("Ins. Cos.' Jan. 27 Mem."), Dkt. No. 7 at 7–8). Mt. Sinai's position—focusing on the Insurance Companies' domiciles and largely ignoring Casa Del Sol and Fenster—is that the Insurance Companies should be deemed New York citizens for the purposes of diversity jurisdiction because of their business contacts. (Mt. Sinai's Mem. in Resp. to Order to Show Cause dated Feb. 3, 2020 ("Mt. Sinai's Feb. 3 Resp."), Dkt. No. 8 at 2). The Insurance Companies state that both are not New York citizens—they are residents of Massachusetts and New Hampshire, respectively—and that Mt. Sinai's position ignores recent Supreme Court precedent. (Ins. Cos.' Reply in Opp. to Order to Show Cause dated Feb. 5, 2020, Dkt. No. 9 at 2). They attach printouts from the New York Department of Financial Services's website indicating their locations as regulated insurance companies and point to Mt. Sinai's serving both outside of New York. (*Id.* at 1, 3–4). Mt. Sinai later supplemented its response by shifting focus to Fenster's status as a "necessary party," arguing she could not be dismissed and that diversity was ruined. (Mt. Sinai's Apr. 3 Mem. at 5).

## DISCUSSION

A federal district court has "original jurisdiction" over a civil action where the amount in controversy exceeds $75,000, exclusive of interests and costs, and "is between citizens of different States." 28 U.S.C. § 1332(a)(1); *Lever v. Lyons*, No. 16-CV-5130, 2018 WL 1521857, at *3 (E.D.N.Y. Jan. 2, 2018), *report and recommendation adopted*, 2018 WL 1089328 (Feb. 26, 2018).[1]

---

[1] No party disputes that the amount in controversy exceeds $75,000.

4

Section 1332(a)(1)'s requirement that the parties be "citizens of different States" is a "complete" diversity requirement.[2] That is, all the parties on one side of the case must be citizens of a different state from all the parties on the other side. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Id.* at 80. "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations or if the court *sua sponte* raises the question." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (citations and quotations omitted). Complete diversity need only exist at the time of commencement of the lawsuit; subsequent events do not defeat this existence of diversity jurisdiction. *Id.*

"In evaluating whether removal—on the basis of diversity jurisdiction—is proper, the Court's 'inquiry cannot be limited to the complaint, as it often can be when removal is based on federal question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state court complaint.'" *Mallek v. Allstate Indem. Co.*, No. 17-CV-5949, 2018 WL 3635060, at *2 (E.D.N.Y. Mar. 12, 2018), *report and recommendation adopted*, 2018 WL 3629596 (July 31, 2018) (quoting 14B Charles Alan

---

[2] This statutory requirement is in contrast to what Article III requires, which is only minimal diversity. *Lever*, 2018 WL 1521857, at *3 n.6.

5

Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3723 (4th ed. 2017)); *see also Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) ("[I]f subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings. Such materials can include documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." (citations omitted)); 28 U.S.C. § 1446(a) (requiring notice of removal to include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders").

"For purposes of diversity jurisdiction, a party's citizenship depends on [her] domicile." *Linardos*, 157 F.3d at 948. "[T]he domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13E Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3612 (3d ed. 2020) (hereinafter Wright & Miller); *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, . . . metaphorically called . . . the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

To start, the fact that Excelsior is a citizen of New Hampshire and Massachusetts and Liberty Mutual is a citizen of Massachusetts cannot be disputed. *See, e.g.*, *Neth. Ins. Co. v. Precision Elec. Glass, Inc.*, No. 11-CV-7155, 2012 WL 6111372, at *2 (D.N.J.

6

Dec. 10, 2012) ("Excelsior [is a] New Hampshire compan[y] with [its] principal place[] of business in Boston, Massachusetts."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[Liberty Mutual] is a Massachusetts corporation with its principal place of business in Massachusetts."). Both have provided evidence of their citizenship with information from New York's Department of Financial Services. As such, Excelsior and Liberty Mutual are both diverse from Mt. Sinai.[3] If these were the only parties in the case, complete diversity would exist. *See, e.g., Bros. v. Excelsior Ins. Co.*, No. 16-CV-3658, 2018 WL 1750468, at *5 n.2 (E.D.N.Y. Feb. 23, 2018) ("[T]he Amended Complaint[] alleg[es] that Excelsior is organized under New Hampshire law . . . . As currently pled, complete diversity exists because no plaintiff is a citizen of the same state as Excelsior, and the remaining defendants are nominal parties with no claims being asserted against them."), *report and recommendation adopted*, 2018 WL 1521776 (Mar. 27, 2018).

Next, all parties agree that Casa Del Sol and Fenster are New York citizens and thus are not diverse from Mt. Sinai. Consequently, their presence would destroy subject matter jurisdiction, unless there was some basis to disregard them and deem them "nominal" parties.

"The question of whether a party is nominal appears to be governed by essentially the same legal standard as whether a party is fraudulently joined." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 389 (S.D.N.Y. 2006). "The fraudulent joinder doctrine

---

[3] Mt. Sinai's conclusory allegations in the Complaint and arguments citing cases using a "transacting business" test from the mid-1800s, without explaining how they comport with *Hertz Corp. v. Friend*, do nothing to change this analysis or outcome. (*See* Mt. Sinai's Feb. 3 Resp. at 5–8). In fact, in its submission after the Insurance Companies provided their evidence, Mt. Sinai did not dispute their assertions of citizenship outside of New York. (*See generally* Mt. Sinai's Apr. 3 Mem.).

7

. . . determines whether a party is properly 'joined' for the purposes of determining diversity jurisdiction." *Mallek*, 2018 WL 3635060, at *9. The doctrine exists because "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998) (collecting cases); *Mallek*, 2018 WL 3635060, at *3–4. "Non-diverse parties determined to be fraudulently joined are deemed 'nominal parties[.]'" *A. Kraus & Son v. Benjamin Moore & Co.*, No. 05-CV-5487, 2006 WL 1582193, at *4 (E.D.N.Y. June 7, 2006). If there is a "fraudulent joinder," the court may ignore "the presence of a non-diverse defendant" in determining whether diversity jurisdiction attaches, and whether the removal was proper. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *Quinn v. Post*, 262 F. Supp. 598, 602 (S.D.N.Y. 1967) ("[T]he pleading cannot defeat the nonresidents' right to removal if the resident defendants have no real connection with the controversy.").[4]

"Despite the wide use of the term 'fraudulent joinder,' the party seeking the federal forum—usually a removing defendant—does not have to show that the joinder of a nondiverse party was motivated primarily by a desire to remain in state court or to

---

[4] Although removal is determined by federal law, the question of whether plaintiff can recover against the non-diverse defendant is determined by state law. *See Fed. Ins. Co.*, 422 F. Supp. at 378 ("The test . . . is uniformly whether plaintiff can establish a claim under state, not federal law." (quotations omitted)). Relatedly, the court must use *state* pleading rules in analyzing whether the plaintiff has stated a viable state law claim against the non-diverse defendant. *Gensler v. Sanolfi-Aventis*, No. 08-CV-2255, 2009 WL 857991, at *3 n.3 (E.D.N.Y. Mar. 30, 2009) ("Though the parties cite principally to federal procedural rules, the better view is that state procedural rules apply in evaluating a claim of fraudulent joinder."); *Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 471–72 (S.D.N.Y. 2006) (relying on state procedural rules because the purpose of fraudulent joinder analysis is to determine whether a *state* court might permit a plaintiff to proceed with his claims).

8

prove that the state court plaintiff's conduct constituted fraud in some legal sense." 13F Wright & Miller, *supra*, § 3641.1. Fraudulent joinder exists when "either that there has been outright fraud committed in plaintiff's pleadings," or as is more common, "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461; *see also Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) ("Joinder will be considered fraudulent when it is established that there can be no recovery . . . under the law of the state on the cause alleged." (quotations omitted)). "[I]n general, there need be only a possibility that a right to relief exists under the governing law to avoid a court's finding of fraudulent joinder, and the plaintiff's ultimate failure to obtain a judgment is immaterial." 14C Wright & Miller, *supra*, § 3723.1 (footnotes omitted). In other words, "there is no requirement that [the plaintiff's] recovery in state court be reasonably likely." *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 672 (E.D.N.Y. 2017) (quotations omitted).

There is a fraudulent joinder in this case if there is "no possibility" that Mt. Sinai could recover against Casa Del Sol and Fenster. In attempting to preserve diversity jurisdiction, the Insurance Companies argue that Mt. Sinai does not assert any claim or seek any relief from Casa Del Sol or Fenster, (Ins. Cos.' Jan. 27 Mem. at 7–10). The Court agrees. The Complaint is completely void of any allegations against Casa Del Sol or Fenster—*i.e*, Mt. Sinai (the insured) does not seek any relief from the party that was injured (the plaintiff in the underlying state court case) or former state court co-defendant that was dismissed from the underlying case. And typically litigation between an insured, seeking coverage, and its insurer, the insured has no claim to make against the injured party that has sued the insured or a non-party to the insurance policy. *See*

9

*Cty. of Niagara v. Liberty Mut. Ins. Co.*, No. 14-CV-737, 2016 WL 2997903, at *5 (W.D.N.Y. May 24, 2016) ("[W]hether any of the Insurance Defendants has a duty to defend and indemnify Plaintiffs has no bearing on any claim that could be raised against TGR, which claim would be limited to whether TGR did, as required under the Contract, procure and maintain insurance naming Plaintiffs as additional insured. Nor can the court conceive of any possible claim Plaintiffs could raise against Lombardo, the personal injury plaintiff in the underlying state court action."), *report and recommendation adopted*, 2016 WL 3280367 (June 15, 2016); *McAlpin v. RLI Ins. Co.*, 320 F. Supp. 2d 42, 43–44 (W.D.N.Y. 2004) (denying remand motion in insurance coverage dispute where "the complaint [sought] no relief from O'Neill and Moose," non-diverse individuals defendants involved in a car accident, noting there was nothing to indicate "they would or could be affected by any rulings or determinations made in this action" (quotations and citations omitted)). And whether Mt. Sinai does or does not have insurance coverage—the issue in this litigation—does not affect Fenster's ability to litigate her claims in state court against Mt. Sinai. (Mt. Sinai's lack of insurance may change how it litigates the state court case, and may well impair it financially, but such practical implications do not give Casa Del Sol or Fenster a claim against Mt. Sinai in the insurance coverage dispute or against the insurers). Casa Del Sol and Fenster's citizenship may be disregarded, and their presence therefore does not defeat subject matter jurisdiction. *See, e.g., Holbrook Realty, LLC v. Peerless Ins. Co.*, No. 18-CV-1005, 2019 WL 4862073, at *4 n.5 (E.D.N.Y. Aug. 5, 2019) ("The Notice further indicates that the Interested Parties are merely nominal defendants and/or are defendants fraudulently joined, whose citizenship does not have to be considered for diversity jurisdiction. The Court agrees that, as nominal defendants, the Interested

Parties' citizenship is irrelevant for diversity jurisdiction purposes." (citations and quotations omitted)) (collecting cases), *report and recommendation adopted*, 2019 WL 4861888 (Oct. 2, 2019).⁵

Unfortunately, Fenster has made the issue more complicated than perhaps necessary. For instance, she has filed an answer and asserted affirmative defenses. (Fenster's Answer dated Mar. 12, 2020, Dkt. No. 18 at 3–4). She has also participated in a conference held by the Court. (*See* Min. Entry & Order dated Mar. 13, 2020). She cannot, on the one hand, be a nominal party and, on the other hand, inject herself into the case, file pleadings, and make motions and other arguments to raise an interest in the case when she has not filed any cross-claim or counterclaim and no claim has been filed against her. Should she continue to do so, she will have taken actions inconsistent with her status as a nominal party and, in so doing, defeat the Court's subject matter jurisdiction. *See, e.g.*, *Smith v. Altman*, No. 12-CV-4546, 2015 WL 5610670, at *2 (N.D. Ill. Sept. 21, 2015) ("The parties and the Court understood that the City was a nominal

---

⁵ Mt. Sinai argues that Fenster "has a material interest in the outcome of this declaratory judgment action," and as such, "is necessary[.]" (Mt. Sinai's Apr. 3 Mem. at 7). In particular, Mt. Sinai argues "Fenster must remain a party herein because to remove her to protect the diversity jurisdiction would serve to impede or impair her ability to protect her claim against Mt. Sinai. Further, if Fenster does not remain a party and thus remain bound by any decision rendered herein, Mt. Sinai could be subject to inconsistent obligations or rulings regarding when notice was provided." (*Id.* at 6 (emphasis removed)). The argument makes little sense: a party cannot be bound by a judgment unless there is a claim that is made against it. *See* Restatement (Second) of Judgments § 37 (1982) ("*Nominal defendants.* A person named as a defendant in an action is not bound by the judgment therein if the subject matter of the action involves an obligation other than his own and that fact is known to the plaintiff."); *e.g.*, *Steingut v. Guar. Tr. Co. of N.Y.*, 58 F. Supp. 623, 643 (S.D.N.Y. 1944) ("The intervenor . . . asks no affirmative relief in his favor. No judgment can be given in his favor; and consequently the cross-claim . . . must likewise fail."), *aff'd in part and modified in part*, 161 F.2d 571 (2d Cir. 1947).

defendant in the sense that, although not technically dismissed from the case, it was in place for indemnification purposes only and would not participate at trial.").

Where a plaintiff can be afforded the full relief sought without the inclusion of a particular defendant, a District Court may drop the defendant. Rule 21 provides "the court may at any time, on just terms, add or drop a party," and correct what amounts to a "misjoinder" of parties. "[M]isjoinder has been declared where no relief is demanded from one or more of the parties joined as defendants, where a particular defendant lacks authority to provide the requested relief, where a defendant has no discernible legal obligation to provide the requested relief, or where a defendant's presence is not necessary to afford all the requested relief." *Benson v. RMJ Sec. Corp.*, 683 F. Supp. 359, 378 (S.D.N.Y. 1988) (citations omitted).

These are the circumstances here. Fenster's presence will not affect the relief sought by Mt. Sinai, which, as noted, has not asserted any claim against her. Without any claim for relief against Fenster or raised by Fenster against Mt. Sinai, and full relief possible for Mt. Sinai without her present, the Court recommends Fenster be dropped. *See, e.g.*, *Whitaker*, 261 F.3d at 207 (affirming District Court's Rule 21 dismissal of defendant against whom "the amended complaint d[id] not state a cause of action . . . or seek any relief"); *Romano v. Am. States Ins. Co.*, 295 F. Supp. 3d 307, 314 (W.D.N.Y. 2017) ("[T]he only allegations related to Amy's involvement in this action appear to be simply that on or about August 8, 2015, ASIC had issued one or more insurance policies to Gary and Amy. . . . No relief is requested from Amy, and no cause of action can be divined against her based upon the allegations in the complaint. As such, the Court determines that Amy has been fraudulently joined to this action. Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, Amy is dismissed from this action."

(citations omitted)).[6]

As for Casa Del Sol, no counsel has appeared; no answer has been filed. It is unclear where its interests lie, and of the multiple briefs, only one addresses what should happen to Casa Del Sol. (*See* Ins. Cos.' Jan. 27 Mem. at 7–8). And Casa Del Sol was dismissed in the underlying state court action. (*See id.* at 7). Without any articulable interest in this litigation (as a Defendant or Plaintiff), without any relief sought against it, and without any impact of its presence on Mt. Sinai's claims, it is recommended that Casa Del Sol also be dropped from this suit pursuant to Rule 21. *See, e.g., Cty. of Niagara*, 2016 WL 2997903, at *4 ("[N]o claim is asserted against, nor is any relief sought from either TGR or Lombardo, both New York citizens whose presence in the case would defeat diversity jurisdiction, but for their improper joinder. Plaintiff's failure to assert any claim against TGR and Lombardo also supports the dismissal of both of these Defendants for misjoinder under Fed. R. Civ. P. 21[.]").

---

[6] Allowing Fenster to remain in the case as a nominal defendant would not offend jurisdiction. *Cf. Mayes v. Moore*, 367 F. Supp. 2d 919, 921 (M.D.N.C. 2005) (noting nominal party, whose consent to removal was not obtained and who filed an answer in state court proceeding, did not defeat ability of case to remain in federal court). However, it would not be appropriate for Fenster to continue to participate, by filing motions and pleadings and appearing in conferences, as she has to date. Given that Fenster is trying to have it both ways—despite having no claim against her and having made no claim against anyone else—the Court recommends she be dropped pursuant to Rule 21.

CONCLUSION

Therefore, it is respectfully recommended that Fenster and Casa Del Sol be dropped from the case pursuant to Rule 21, and this case remain before the Court because the Court has subject matter jurisdiction over the case under 28 U.S.C. § 1332.[7]

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this Report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision.").

SO ORDERED.

*/s/ Sanket J. Bulsara* June 30, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[7] In the parlance of Rule 21, a party is "dropped," not "dismissed," from a case." Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); 7 Wright & Miller, *supra*, § 1684 ("If a party is improperly joined, the appropriate remedy is to move under Federal Rule of Civil Procedure 21 either to drop the party or for a severance of the claim by or against the party. The first sentence of Rule 21 explicitly states that misjoinder of parties is not a ground for dismissal of the action. This is true even when the court determines that a nondiverse party has been fraudulently joined to defeat jurisdiction. It also has been held that dismissal under Federal Rule of Civil Procedure 41 is not an appropriate procedure to remedy misjoined parties. The distinction between the two rules is a purely technical one[.]").